UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HSBC BANK USA, N.A.,

    Plaintiff,

v.

HAZEL FREDERICK, *et al.*,

    Defendants.

Case No. 2:11-CV-00577-KJD-CWH

**ORDER**

Before the Court is Plaintiff's Motion to Remand or In the Alternative Motion for a Writ of Restitution (#7). Defendant Hazel Fredrick filed an opposition (#10) and Plaintiffs filed a reply (#12).

I. Background

Defendant Cheryl A. King[1] owned the property at 4420 Mark Avenue, Las Vegas, Nevada (the "Property"). King had a mortgage on the Property. On June 25, 2006 King entered into a "Lease with Option to Purchase" with Defendant Fredrick. On October 18, 2006, King transferred all rights, title, and interest she had in the Property to Fredrick through a Quitclaim Deed.

---

[1] Defendant King has not appeared in this action.

Defendants failed to pay the mortgage on the Property. The holder of the note foreclosed and the property was sold on September 14, 2010 to Plaintiff. Plaintiff served Notices to Quit pursuant to both federal and state law, but Defendants remain in possession of the property. On March 3, 2011 Plaintiff filed a complaint in state court seeking declaratory relief, a writ of restitution, and stating claims for unjust enrichment and damages. On April 15, 2011, Fredrick removed the action to this Court. Plaintiff moves the Court to remand the action back to state court. Alternatively, Plaintiff seeks "a legal finding that the Defendants are not tenants, not entitled to the benefits of the [Protecting Tenants At Foreclosure Act], and an order directing the issuance of a Writ of Restitution" for the Property. (Mo. at 5.)

II. Discussion

28 U.S.C. § 1441 permits a defendant to remove a state court action if the federal district court has original jurisdiction. A defendant invoking the removal statute bears the burden of establishing jurisdiction, and the statute is strictly construed against removal. See Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 381, 383 (9th Cir. 2004). Consequently, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). But while a federal court "will not take jurisdiction if it should not...it is equally true, that it must take jurisdiction if it should." Cohens v. Va., 19 U.S. (1 Wheat) 264, 404 (1821). Thus, a district court with proper jurisdiction lacks discretion to remand. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 356 (1988).

Fredrick does not dispute that the Court does not have diversity jurisdiction.[2] Accordingly, the "propriety of removal turns on whether the case falls within the original 'federal question' jurisdiction of the United States district courts." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8 (1983) (citation omitted). The federal-question jurisdictional statute states that

---

[2] Plaintiff's argues in its Motion that Fredrick lacks diversity jurisdiction. Fredrick did not provide argument or authority in opposition and so has conceded this point. See Local Rule 7-2.

2

"[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"As a general rule, the presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000). (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)) (internal quotations and brackets omitted). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 813, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986).

The Protecting Tenants At Foreclosure Act of 2009 ("PTAFA") is a federal law that provides certain protections to tenants who reside in properties subject to foreclosure. These protections include the right to continue living on the foreclosed property premises for the duration of their lease and the right to receive a 90–day notice to vacate. In addition to other state law claims for relief, Plaintiff's Complaint seeks a declaration that King and Fredrick are "not tenants and not entitled to the benefits of the PTAFA." (Compl. at ¶ 30.) According to Fredrick, by seeking this declaration, Plaintiff's complaint states a federal question.

Plaintiff argues that prior to filing the complaint, it was aware that Fredrick would raise failure to comply with PTAFA as a defense. Before it filed the complaint, Plaintiff received a letter from Fredrick's counsel asserting Fredrick's rights under PTAFA. Plaintiff claims that it drafted the Complaint in response to the assertions in this letter. In order to preempt Defendants' PTAFA defense, Plaintiff sought a declaration that Defendants were not tenants and therefore not entitled to PTAFA. Fredrick ultimately did raise PTAFA as an affirmative defense in his Answer to Complaint. (Answer at 2.)

Pursuant to the well-pleaded complaint rule, jurisdiction depends solely on the plaintiff's claims for relief and not on any anticipated federal defenses to those claims. ARCO at 213 F.3d

1113; Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908). A federal defense does not support federal-question jurisdiction. Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir.2005). Plaintiffs claims are for declaratory relief, a writ of restitution, unjust enrichment and damages. Plaintiff does not seek relief pursuant to PTAFA or challenge the validity of that law. Instead, Plaintiff seeks a determination that Defendants are not tenants and so cannot avail themselves of a defense under PTAFA. The declaration Plaintiff seeks is related to an anticipated federal defense and "does not automatically confer federal question jurisdiction" on this Court. Merrell Dow, 478 U.S. at 813. Accordingly, the Complaint fails to present a federal question and the Court lacks jurisdiction.

III. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand or In the Alternative Motion for a Writ of Restitution (#7) is **GRANTED**.

DATED this 3rd day of November 2011.

_____
Kent J. Dawson
United States District Judge